UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALICIA B., *on behalf of D.L.B*,

        Plaintiff,

    v.                                                                            **DECISION AND ORDER**
                                                                                          21-CV-6246S
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

      1.      Plaintiff Alicia B.[1] challenges an Administrative Law Judge's ("ALJ") determination that her minor child, D.L.B., is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that D.L.B. has been disabled since September 6, 2014, due to attention deficit hyperactivity disorder ("ADHD") and a learning disability and is therefore entitled to payment of Supplemental Security Income ("SSI") under the Act.

      2.      Plaintiff applied for SSI benefits on D.L.B.'s behalf on November 7, 2017. After denial at the agency level, Plaintiff proceeded to a hearing before ALJ Arthur Patane on March 4, 2020.  The ALJ considered the case *de novo* and, on April 29, 2020, issued a written decision denying Plaintiff's application.  The Appeals Council thereafter denied Plaintiff's request for review on January 15, 2021.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff timely filed the current civil action on D.L.B.'s behalf on March 16, 2021, challenging the Commissioner's final decision.[2]  After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on April 1, 2022.  (Docket Nos. 5, 7-9.)  The Clerk of Court assigned the case here on October 4, 2022.  (Docket No. 10.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 1383 (c)(3).

5.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

---

[2] The ALJ's April 29, 2020 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d

842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).   Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.   See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports the ALJ's decision'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).   This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.     "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."   Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."   Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).   Similarly, where evidence is deemed susceptible to

more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.     On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity and Reconciliation Act of 1996 ("the 1996 Act"), which amended the statutory standard applicable to minors seeking SSI benefits. See 42 U.S.C. § 1382c. In relevant part, the 1996 Act provides that an "individual under the age of 18 shall be considered disabled . . . if [he or she] has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(C)(i).

10.     Regulations promulgated by the Social Security Administration define "marked and severe functional limitations" in terms of "listing-level severity," i.e., an impairment that meets, medically equals, or functionally equals the severity of an impairment in the listings. 20 C.F.R. § 416.926a (a). Under the regulations, functional limitations are evaluated in six broad areas or domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. See 20 C.F.R. § 416.926a (b)(1).

11.     The Commissioner has established a three-step sequential evaluation process to determine whether a minor is disabled under the Act. See 20 C.F.R. §

416.924.  The minor must demonstrate that (1) he or she is not engaged in substantial gainful activity (i.e., he or she is not working); (2) he or she has a "severe" impairment or combination of impairments; and (3) his or her impairment or combination of impairments is of a listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment.  <u>See</u> <u>id.</u>  A minor's medically-determinable impairment or combination of impairments "functionally equals" a listed impairment if it results in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in a single domain.  <u>See</u> 20 C.F.R. § 416.926a.  A limitation is "marked" if it *seriously* interferes with a claimant's ability to independently initiate, sustain, or complete activities.  <u>See</u> 20 C.F.R. § 416.926a (e)(2) (emphasis added).  A limitation is "extreme" if it *very seriously* interferes with those same abilities.  <u>See</u> 20 C.F.R. § 416.926a (e)(3) (emphasis added).

12.     Applying the sequential evaluation in the instant case, the ALJ made the following findings: (1) D.L.B. was a school-age child who had not engaged in substantial gainful activity since November 7, 2017, the application date (R. at 12[3]); (2) D.L.B.'s ADHD and learning disability constituted severe impairments under the Act (R. at 12); and (3) D.L.B. did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of one of the listed impairments (R. at 12-18).  Based on the record, the ALJ ultimately determined that D.L.B. was not under a disability, as defined by the Act, from November 7, 2017, through April 29, 2020, the date of the decision.  (R. at 18-19.)

---

[3] Citations to the underlying administrative record are designated as "R."

13.     Plaintiff argues that the ALJ erred by failing to consider D.L.B.'s functioning outside of a structured setting, as required by 20 C.F.R. § 416.924a (b)(5)(iv).   In response, the Commissioner contends that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14.     In evaluating whether a child is disabled under the Act, the ALJ must consider how the child would function outside of any structured or supportive setting, without extra services or assistance.   See 20 C.F.R. § 416.924a (b)(5)(iv); Smith v. Massanari, No. 00-CV-402C, 2002 WL 34242375, at *6 (W.D.N.Y. Mar. 17, 2002).  But the ALJ need not explicitly discuss this issue to pass muster; it is enough if a reviewing court can determine from the decision that the ALJ complied with the regulation.  See Watson ex rel. K.L.W. v. Astrue, No. 07-CV-6417T, 2008 WL 3200240, at *5 (W.D.N.Y. Aug. 5, 2008) ("While the ALJ must consider how a child would function outside of a supportive setting, the regulation does not command that ALJ to explicitly discuss his consideration of these factors in the decision.") (citation omitted); Walker ex rel. J.B. v. Astrue, No. 06-CV-1180 (NAM), 2010 WL 2287566, at *10 (N.D.N.Y. June 3, 2010).

15.     Having reviewed the ALJ's decision and the record evidence as a whole, this Court is satisfied that the ALJ properly considered D.L.B.'s functioning outside of a supportive setting, despite there being no explicit discussion of the issue in the decision. First, the ALJ recognized his obligation to evaluate D.L.B. in all settings and to consider the type, extent, and frequency of the assistance he receives.  (R. at 12.)  Second, the ALJ noted that he "considered all of the relevant evidence in the case record . . . including how [D.L.B.] functions over time *and in all settings (i.e., at home, at school, and in the*

*community*." (R. at 13 (emphasis added).) Finally, the ALJ's general discussion of the record evidence includes that pertaining both to D.L.B.'s functioning in his structured school setting and that concerning his functioning outside of that setting. (R. at 14.) Consequently, this Court finds no error in the ALJ's decision. See Johnson *ex rel.* A.J. v. Astrue, No. 11-CV-5247 (JMF), 2013 WL 1187436, at *15 (S.D.N.Y. Mar. 22, 2013) (finding no error where ALJ did not explicitly discuss functioning outside of structured setting but considered all record evidence, considered the claimant's functioning in all settings, and discussed evidence of the claimant's functioning outside of the supportive setting).

16.     The balance of Plaintiff's argument simply challenges the ALJ's weighing of the evidence and seeks a re-weighing of that evidence in D.L.B.'s favor, which is precluded. See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); see also Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record).

17.     Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

    IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      February 28, 2023
            Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
